IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:25-CR-00148-KDB-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAMERON CURRY,<br><br>Defendant. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant's pro se motions to Dismiss the Indictment for Vindictive [Prosecution] (Doc. No. 19); Dismiss the Indictment with Prejudice for Abuse of Federal Rule Criminal Procedure 48(a) (Doc. No. 20); Dismiss the Indictment for Lack of Subject Matter Jurisdiction (Doc. No. 21); Motion to Dismiss (Doc. No. 30); Motion to Dismiss (Doc. No. 31); Motion to Dismiss Indictment for Failure to State an Offense (Doc. No. 32); Motion to Suppress all Evidence Obtained in Violation of the Fourth, Fifth, and Sixth Amendments (Doc. No. 33); Motion to Dismiss Indictment for Grand Jury Abuse with Prejudice (Doc. No. 34); Motion to Dismiss for Improper Venue (Doc. No. 36); and Motion to Expedite Ruling on Motion to Suppress and Motion to Dismiss Indictment (Doc. No. 44). The Court has carefully considered these motions, the parties' briefs and exhibits and oral argument on the motions from the parties on December 18, 2025. For the reasons discussed below and during the status conference, the Court will **DENY** the motions.

I.     BACKGROUND AND PROCEDURAL HISTORY

In January 2024, Defendant Cameron Curry was charged in Washington D.C. by criminal complaint with six counts of making interstate communications with intent to extort, and causing

1

an act to be done, in violation of 18 U.S.C. § 875(d). Doc. No. 25 at 3. After initially entering into a plea agreement and pleading guilty, Curry withdrew his plea and moved to dismiss the matter for improper venue. *Id.* On June 17, 2025, a grand jury in the Western District of North Carolina returned an indictment charging Curry with the same offenses. Two days later, the parties filed a consent motion to dismiss the parallel matter pending in the District of Columbia, which that court granted on June 30, 2025. *Id.*

The North Carolina indictment alleges that Curry, while residing in Charlotte, North Carolina, and using information obtained through his employment with "Company 2," sent at least six emails to employees of "Company 1" in an effort to extort money. *See* Doc. No. 1. The indictment further alleges that these communications were transmitted across state lines and that at least some recipients sent money to Curry. *Id.*

After asserting that he had reached an irreconcilable conflict with his first and second appointed attorneys, Curry requested permission to proceed pro se. The Court granted the request and appointed standby counsel. Curry then filed eight motions to dismiss and a motion to suppress. The Government has responded, and the motions are now ripe for resolution.

## II.  DISCUSSION

As catalogued above, Curry has submitted a series of motions to dismiss and a motion to suppress. At the outset, the Court notes that the motions are duplicative and appear to have been prepared with the aid of artificial intelligence in violation of the Court's standing orders. While the Court could strike the motions on these grounds, it will address their merits as discussed below.

**Motions to Dismiss for Vindictive Prosecution / Prosecutorial Misconduct**

In his first and fourth motions to dismiss (Doc. Nos. 19, 30), Curry alleges that because the Government dismissed the charges against him in Washington, D.C. and then indicted him on the

same charges in North Carolina, the prosecutor acted vindictively and engaged in misconduct which violated his right to due process under the Fifth Amendment.

"A prosecutor violates the Due Process Clause of the Fifth Amendment by punishing a defendant for 'exercising a protected statutory or constitutional right.'" *United States v. Villa*, 70 F.4th 704, 710–11 (4th Cir. 2023) (first quoting *United States v. Fiel*, 35 F.3d 997, 1007 (4th Cir. 1994); and then citing *United States v. Goodwin*, 457 U.S. 368, 372 (1982)). To establish prosecutorial vindictiveness, a defendant must present objective evidence showing both that the prosecutor acted with genuine animus and that, but for that animus, the challenged prosecution would not have occurred. *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001) (citing *Goodwin,* 457 U.S. at 380 n.12) (explaining that the charges must be brought "solely to 'penalize' the defendant and could not be justified as a proper exercise of prosecutorial discretion").

In the absence of direct evidence of animus, a defendant may proceed by demonstrating circumstances that give rise to a presumption of vindictiveness. *Wilson*, 262 F.3d at 314. Such a presumption arises only where the circumstances present a "realistic likelihood of vindictiveness" across the class of cases at issue. *Id.* at 314–15 (quoting *Blackledge v. Perry*, 417 U.S. 21, 27 (1974)). "For example, a prosecutor's decision to bring more serious charges on retrial against a defendant who has successfully appealed his conviction and obtained a new trial is presumptively vindictive." *Villa*, 70 F.4th at 710 (citing *Blackledge*, 417 U.S. at 28–29) (citation omitted). Even when the presumption applies, the government may rebut it with "objective information justifying the detrimental action." *Fiel*, 35 F.3d at 1007.

The Fourth Circuit has emphasized, however, that a presumption of vindictiveness "will rarely, if ever, be applied to prosecutors' pretrial decisions." *Villa*, 70 F.4th at 711 (quoting *Wilson*, 262 F.3d at 315) (citation omitted). Indeed, the presumption is "generally warranted only in a post-

3

conviction setting." *United States v. Perry*, 335 F.3d 316, 324 (4th Cir. 2003). Because a prosecutor's "assessment of the proper extent of prosecution may not have crystallized" before trial, *id. (*quoting *Goodwin*, 457 U.S. at 381), "the government retains broad discretion to reassess the case and bring additional charges [or dismiss the matter and bring charges in a new district] if warranted." *Id.* (citing *United States v. Williams*, 47 F.3d 658, 664 (4th Cir. 1995)) (citation omitted).

Here, the Government's sole "vindictive" act was to dismiss the matter in Washington, D.C. after filing the same charges in the Western District of North Carolina, where at least a portion of the alleged crime purportedly occurred. As a matter of law, this pretrial action by the Government does not rise to the level of vindictive prosecution and does not constitute prosecutorial misconduct. Accordingly, these motions will be denied.

## Motion Dismiss for Abuse of Fed. R. Crim. Pro. 48(a) / Grand Jury Abuse

In Curry's second and seventh motions to dismiss (Doc. Nos. 20, 34), he alleges that the Government engaged in "deliberate bad faith," and therefore violated Rule 48(a), again by dismissing the charges in Washington, D.C. (which he himself challenged as an improper venue) then indicting him on the same charges in the Western District of North Carolina. He further alleges that the Government "corrupted" the grand jury process when it "knowingly presented materially false information" about the victim company's corporate structure and location when it sought to secure an indictment in North Carolina.

Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. Pro. 48(a). "The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the

4

Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977).

Here, in May 2025, after withdrawing his guilty plea in the D.C. matter, Curry moved to dismiss the charges for improper venue. Doc. No. 20 at 2. And in June 2025, two days after indicting Curry in the Western District of North Carolina, the Government moved—with Curry's consent—to dismiss the charges in the D.C. matter. Doc. Nos. 25 at 12; 25-1 at 1. These actions do not run afoul of Rule 48(a).

Moreover, Curry's assertion that the Government misrepresented the location and corporate status of the victim company—identified by Curry as Brightly Software—rests on a misunderstanding of the indictment. The indictment defines "Company 1" as "an international technology corporation, with its United States headquarters located in Washington, D.C." Doc. No. 1 at 2. It further alleges that "Company 1 had acquired a subsidiary [Brightly Software] in or about June 2022 and was still in the process of migrating that subsidiary into its corporate structure. Hereinafter, both Company 1 and its subsidiary are referred to as 'Company 1.'" *Id.*

Thus, although Brightly Software—a North Carolina entity—is included within the definition of the victim company, it is so identified only as a subsidiary of the parent corporation. The indictment therefore accurately identifies the victim company's corporate status and headquarters as those of the parent entity in Washington, D.C. Accordingly, these motions will be denied.

**Motions to Dismiss for Lack of Subject Matter Jurisdiction / Failure to State an Offense**

In his third and sixth motions to dismiss (Doc. Nos. 21, 32), Curry alleges that the indictment must be dismissed for lack of subject matter jurisdiction and for failure to state an offense, because the Government cannot prove that the six charged emails crossed state lines. *See* Doc. Nos. 21 at 9; 32 at 1.

5

Case 3:25-cr-00148-KDB-SCR    Document 45    Filed 02/02/26    Page 5 of 11

District courts possess jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. Federal Rule of Criminal Procedure 18 further provides that absent a statutory or rule-based exception, "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. Pro. 18. Therefore, the Court has subject matter jurisdiction over the indictment.

Curry's second argument fares no better. As the Government correctly notes, to secure a conviction under 18 U.S.C. § 875(d), it must "allege in the indictment and ultimately prove at trial [that]: (1) [Curry] transmitted in interstate or foreign commerce a communication; (2) the communication contained a threat to injure the property or reputation of the addressee or of another; and (3) [Curry] did so with the intent to extort any money or thing of value from any person or corporation." Doc. No. 25 at 20 (citing *United States v. Teplin*, 775 F.2d 1261, 1263 (4th Cir. 1985)). With respect to the interstate commerce element, the Fourth Circuit has held that the communication must cross a state or national boundary. *United States v. Wadford*, 331 F. App'x. 198, 204 (4th Cir. 2009).

In reviewing a motion to dismiss an indictment for failure to state an offense, a district court is limited to considering the factual allegations in the indictment and must accept them as true. *United States v. Brewbaker*, 87 F.4th 563, 579 (4th Cir. 2023); *see United States v. Oaks*, 302 F. Supp. 3d 716, 720 (D. Md. 2018). That is because a district court "lack[s] authority to review the sufficiency of the evidence supporting the indictment." *Id.* (citing *United States v. Wills*, 346 F.3d 476, 488 (4th Cir. 2003)) (citation omitted). Nevertheless, "while an indictment may not be dismissed simply because the district court doesn't think the government can prove what it has alleged, an indictment may be dismissed if the district court concludes that the allegations in the

indictment—even if proven—would not satisfy the elements of the charged offense." *Id.* (citing *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012)).

Thus, to withstand a motion to dismiss for failure to state an offense, an indictment need only allege facts that, if true, satisfy the elements of the charged crime. The indictment here meets that standard. Each of the six counts alleges that the relevant communication was "transmitted in interstate or foreign commerce[] from North Carolina to outside North Carolina." *See* Doc. No. 1. Although an indictment may track the statutory language, it must also include sufficient factual detail to inform the defendant of the specific offense charged. *See United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002). The indictment does so. It alleges that Curry was located in North Carolina when he sent the extortionate emails (Doc. No. 1 ¶¶ 2, 16); that the emails were received by employees located outside North Carolina (*id*. ¶ 5); that those employees worked for Company 1 (*id*. ¶ 3); and that the devices and email accounts on which they received the communications were hosted on servers located outside North Carolina (*id*. ¶ 4). These allegations sufficiently plead the interstate-commerce element and provide the "essential facts" required by Rule 7(c)(1). *See* Fed. R. Crim. Pro. 7(c)(1).

In sum, rather than identifying any legal deficiency in the Indictment, Curry's motion only advances his own view of what the evidence will show at trial. Whether the extortionate communications were, in fact, transmitted in interstate or foreign commerce is a factual question reserved for the jury. *See Engle*, 676 F.3d at 415 (explaining that a district court may not dismiss an indictment based on "facts that should [be] developed at trial"). Because the indictment sufficiently alleges each essential element of the charged offenses and that the emails were sent from Charlotte, North Carolina, these motions will be denied.

**Motions to Dismiss for Constitutional Violations and Grand Jury Abuse**

In his fifth and seventh motions to dismiss (Doc. Nos. 31, 34), Curry asserts "multiple [] compounding violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments." Doc. No. 31 at 1. Specifically, Curry contends that the Government engaged in "real-time surveillance" of his location by tracking his cell phone without a warrant and then wrongly relied on that information to obtain a warrant to search his apartment. *Id.* at 2, 6. He further alleges that the search warrant was premised on "misinformation," including the victim company's location, and that interstate transmission occurred.

At the December 18, 2025, status conference, and again in its written response, the Government detailed the sequence of warrants obtained in this investigation. On January 17, 2024, the Government secured a warrant directed to Microsoft for the "Loot" email account from which Curry is alleged to have sent the extortionate emails. Doc. No. 41 at 4. On January 19, 2024, it obtained a warrant directed to Verizon for cell-cite information associated with Curry's phone number. *Id.* Verizon began producing data on January 20, 2024. Transcript of Status Conference at 35–36. Then, on January 23, 2024, the Government obtained an additional warrant authorizing the search of Curry's apartment, vehicle, and person. *Id.* The Government also represents—and the record reflects—that all warrants and supporting affidavits were produced to Curry in discovery. *Id.*

The Court therefore finds no constitutional violation. The Government obtained judicial authorization before accessing Curry's email account, acquiring his cell-site information, and searching his residence, vehicle, or person. Moreover, as the Court has previously explained, Curry's arguments concerning the identity or location of the victim company are unavailing. The indictment defines the victim for purposes of the charged offenses, and that definition—not

8

Case 3:25-cr-00148-KDB-SCR    Document 45    Filed 02/02/26    Page 8 of 11

Curry's preferred characterization—properly informed the warrants, affidavits, and charging decisions. Likewise, Curry's challenge to the sufficiency of the Government's evidence on the interstate-commerce element raises a factual issue reserved for the jury. At this stage, the Government is required only to allege interstate transmission and to provide supporting factual allegations, which it has done. Accordingly, this motion will be denied.

**<u>Motion to Dismiss for Improper Venue</u>**

In his eighth and final motion to dismiss (Doc. No. 36), Curry alleges that venue is improper because he, along with some of the victim company's employees, reside in Raleigh, North Carolina, which is outside the Western District of North Carolina. *See* Doc. No. 36.

When evaluating a pretrial motion to dismiss an indictment for improper venue, the Court's inquiry is limited to whether the allegations in the indictment, taken as true, are sufficient to establish venue. *United States v. Powers*, 40 F.4th 129, 134 (4th Cir. 2022) (citing *Engle*, 676 F.3d at 415). The indictment here alleges that while located in Charlotte, North Carolina, Curry transmitted extortionate emails to the victim company, including communications that traveled in interstate commerce. These allegations, taken as true, are adequate to establish venue. The indictment also reflects, and Curry admits, that he resided in Charlotte during the relevant period. *See* Doc. Nos. 31 at 3 ("agents … located Mr. Curry's vehicle, and identified his apartment address at 7206 Finn Hall Avenue," which the Court notes is located in Charlotte, North Carolina), 10 ("Mr. Curry was in Charlotte, North Carolina during all alleged conduct."); 36 at 2, ("… Mr. Curry's temporary presence in Charlotte."), 3 ("Mr. Curry's three-month presence in Charlotte …"). Accordingly, venue is appropriate—notwithstanding the inconvenience argued by Curry — in the Western District of North Carolina, and this motion will be denied.

**Motion to Suppress Evidence**

Curry largely reiterates the same arguments in support of his motion to suppress, (Doc. No. 30), that the Court has already rejected in resolving his motions to dismiss. These include his assertions that the victim company was insufficiently identified by name and geographic location, that interstate transmission was not properly alleged or did not occur, that his cell phone was tracked without a warrant, and that the dismissal of the related D.C. matter somehow undermines the indictment returned in the Western District of North Carolina.

In support of this motion, Curry also asserts that bank records, including those from Coinstar, Bank of America, Chime, and other financial institutions, were improperly obtained or are otherwise unverifiable, and that all such evidence must therefore be suppressed. Specifically, Curry alleges (1) a Coinbase subpoena was directed to an "unverified" account; (2) subpoenas directed to bank accounts that were allegedly closed "conflate[d] legal standards for stored records versus real time access"; (3) Chime and Bank of America declarations fail to identify the type of legal process used; (4) a State Employees' Credit Union subpoena was issued the same day as his indictment in this matter; (5) subpoenas for Block, Inc. and Stride Bank were issued after Curry's arrest but prior to indictment; and (6) search warrants issued to Google LLC and Apple, Inc. were obtained post-arrest and were "derivative of the false affidavit." Doc. Nos. 33 at 3–4. The Court has already explained that Curry's objections to the identification of Victim 1—whether by name or geographic location—in the affidavit submitted to the Grand Jury and in the indictment are misplaced. Moreover, as the Government correctly observes, Curry's remaining arguments challenge the substance of the records produced by the various institutions, not the validity of the legal process used to obtain them.

For these reasons, as well as the other reasons discussed in this Order, during the status conference, and detailed in the Government's response in opposition to the motion to suppress, Curry has failed to establish any basis for suppression. Indeed, he identifies no constitutional or procedural defect that would warrant exclusion of evidence. Accordingly, the motion will be denied.

Because this Order disposes of all pending motions, the Court will also deny as moot Curry's Motion to Expedit Ruling (Doc. No. 44).

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motions (Doc. Nos. 19–21, 30–34, 36) are **DENIED**; and

2. Defendant's Motion to Expedite Ruling on Motion to Suppress and Motion to Dismiss Indictment (Doc. No. 44) is **DENIED** as moot.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 2, 2026

Kenneth D. Bell
United States District Judge