**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:25-CR-00148-KDB-DCK**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**CAMERON CURRY,**<br><br>**Defendant.** | **<u>MEMORANDUM AND ORDER</u>** |

**THIS MATTER** is before the Court on consideration of additional restitution, requested in the Government's Memorandum in Aid of Sentencing (Doc. No. 79). The Court has carefully considered this memorandum, the Defendant's opposition (Doc. No. 92), exhibits and oral argument on the motion from the parties at the sentencing hearing on August 13, 2026. For the reasons discussed below, the Court will **GRANT in part and DENY in part** the Government's request for additional restitution.

On March 18, 2026, Defendant Cameron Curry ("Curry") was found guilty by a jury on six counts interstate communications with intent to extort and aiding and abetting, in violation of 18 U.S.C. §§ 875(d) and 2. (Doc. No. 67). On August 14, 2026, this Court entered judgment and ordered Curry to pay restitution to Brightly Software, Inc. in the amount of $7,540.80. (Doc. No. 84). The Court left open for twenty-one days the Government's motion for an additional $81,260.01 in restitution to Brightly Software, Inc., allowing Defendant an opportunity to respond to the Government's belated request.[1]

[1] The Government did not provide documentation supporting additional restitution to the Court until during the sentencing hearing, unnecessarily delaying consideration of the request.

On September 3, 2026, Defendant filed his opposition to additional restitution and argued that the invoices provided by the victim did not support such restitution. (Doc. No. 92; Ex. 2 "Certification of Authenticity of Business Records"). The Court partially agrees with Curry.

The Mandatory Victim Restitution Act ("MVRA") requires defendants who have been convicted of certain offenses, including fraudulent extortion, to "reimburse the victim for lost income and necessary child care, transportation, and other expenses *incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense*." *Lagos v. United States*, 584 U.S. 577, 579 (2018) (quoting 18 U.S.C. § 3663A(b)(4) (emphasis in opinion)). But because the words "investigation" and "proceedings" are limited to "government investigations and criminal proceedings," *Lagos*, 584 U.S. at 585, restitution must be limited to such participation only.

While some of the line items listed on the invoices make clear the activity for which the expense was incurred, others lack the specificity required for the Court to discern how they relate to "governmental investigations and criminal proceedings." *Lagos*, 584 U.S. at 585. For example, Invoice No. 553 dated January 29, 2026, from FTI Consulting, demonstrates that the expenses for professional services were incurred while participating in federal proceedings. The specific line items contain written descriptions that on their face show the required participation:

- 11/26/2025: Eric Humbert – attend meetings with client and colleagues regarding federal trial.
- 11/21/2025: Patrick Bolger – prepare for and attend meeting with client and federal prosecution.

However, the Court will not order additional restitution without a supporting rationale as depicted above. For example, the FTI Consulting invoice dated March 13, 2026, only states "Sidley Austin LLP Brightly Software" and claims total expenses of $32,558.99. The Court cannot determine

whether these legal services were related to the government's investigation and/or criminal proceedings from this and other similarly bare invoices, so they will not be included in additional restitution.

Accordingly, the Court finds that the following invoices support additional restitution:

| No. | Services Date | Services Description | Amount[2] |
|---|---|---|---|
| **FTI Consulting January 29, 2026 (No. 553)** | | | |
| 1. | 11/26/2025 | Eric Humbert: Attend meeting with client and colleagues regarding federal trial. | $392 |
| 2. | 12/10/2025 | Eric Humbert: Review artifacts and emails with client and colleagues regarding potential trial. | $2,548 |
| 3. | 12/19/2025 | Eric Humbert: Prepare for meetings with DOJ/FBI and counsel; Attend meetings with DOJ/FBI and internal counsel | $1,862 |
| 4. | 11/21/2025 | Patrick Bolger: Prepare for and attend meeting with client and federal prosecution team to prepare for pending testimony | $1,960 |
| 5. | 12/10/2025 | Patrick Bolger: Facilitate meeting with counsel to prepare for pending trial testimony | $980 |
| **FTI Consulting April 2026, 2026 (No. 7086)** | | | |
| 6. | 3/6/2026 | Eric Humbert: Review and prepare for trial testimony; attend meeting with counsel | $1,568 |
| 7. | 3/9/2026 | Eric Humbert: Review evidence for trial; Attend meeting with counsel regarding trial testimony | $1,764 |
| 8. | 3/12/2026 | Eric Humbert: Review and prepare for trial testimony; Attend trial prep meeting with counsel and DOJ | $2,254 |
| 9. | 3/6/2026 | Patrick Bolger: Conduct case review and testimony preparation w/ outside counsel | $2,744 |
| 10. | 3/9/2026 | Patrick Bolger: Case files review | $490 |
| 11. | 3/10/2026 | Patrick Bolger: Meeting with federal prosecutors to prepare for testimony | $2,352 |
| 12. | 3/16/2026 | Patrick Bolger: Reviewed case facts and facilitated working meetings with outside counsel to prepare for testimony | $6,958 |
| 13. | 3/17/2026 | Patrick Bolger: Prepared for and provided testimony at federal criminal court proceeding | $5,292 |
| | | **Total Additional Restitution:** | **$31,164** |

[2] Each invoice depicts multiple line items that comprise the total of the invoice. For professional services, the rate provided on all invoices is $980/hour. For each line item, the invoice depicts the number of hours billed to the decimal point and a description of that line item. However,

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Government's Request for Additional Restitution (Doc. No. 79) is **GRANTED in part and DENIED in part**; and
2. The Clerk is directed to amend the Judgment (Doc. No. 84) to reflect the restitution amounts listed in this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 6, 2026

Kenneth D. Bell
United States District Judge

---

the invoices only provide a dollar amount for groups of line items, not each individually. Accordingly, to determine the dollar figures listed in the table above, the Court multiplied the hourly rate by the time billed for each line item. For example, January 29, 2026, Invoice No. 553 (No. 4 above) has a line item for 11/26/2025 billed for 0.40 hours, so the amount the Court attributed to that is $392 (or $980 x 0.40 = $392). The Court repeated this for each line item on the invoices.